IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,164-01






EX PARTE ERIC DESHON SORRELLS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-05-200527-A IN THE 331st DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty years' imprisonment. The Thirteenth Court of Appeals initially
affirmed the judgment as reformed and remanded the cause for resentencing. Sorrells v. State, No.
13-07-00633-CR (Tex. App.-Corpus Christi, delivered November 12, 2009). The State's petition
for discretionary review was granted and the appellate court's decision was reversed and the matter 
remanded to the appellate court for further proceedings. Sorrells v. State, 343 S.W.3d 152 (Tex.
Crim. App. 2011). On remand, the Thirteenth Court of Appeals affirmed the conviction. Sorrells
v. State, No. 13-07-00633-CR (Tex. App.-Corpus Christi, delivered August 25, 2011).

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
object to hearsay evidence without which sufficiency of the evidence could not have been established
and the Applicant would have been entitled to an acquittal. The Applicant also contends that his
appellate counsel rendered ineffective assistance because he failed to raise a meritorious claim that
the trial court erred when it refused to issue a jury instruction on the lesser included offense of
assault by threat. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order both trial and appellate counsel to respond to Applicant's claims of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial and appellate counsel were deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: May 8, 2013

Do not publish